

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 21, 1968

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. M-238

Re: Whether equipment purchased
for and provided to vocational
rehabilitation clients is re-
garded as client services and
may be excluded from inventory
required of state-owned per-
sonal property.

Dear Dr. Edgar:

You have requested the opinion of this office upon
the question of whether:

". . .equipment purchased for and pro-
vided to vocational rehabilitation clients
(a part of their physical rehabilitation pro-
gram and/or necessary to their restoration to
a productive place in society) be regarded as
client services or in any other manner denom-
inated that thereby such equipment shall be
excluded from inventory required of state-
owned personal property?"

In connection with the foregoing question you have
stated that:

"Within the total vocational rehabilita-
tion process for handicapped clients, it is
often necessary to purchase certain items of
equipment for the client, as an essential part
of his rehabilitation program. Such items can
and do range from an artificial leg, to a med-
ically prescribed fixture necessary for client
hygiene, to a typewriter for training and self

employment. Automotive tools, welding kits, wheelchairs and myriad of such items are purchased for client services.

". . .

"The physical and administrative burden involved in the inventory for client equipment is serious. Growth of the Vocational Rehabilitation Division within the past five years has been tremendous. The client case load has multiplied to a point that a major proportion of counselor-time is and will be involved in attempting to keep the inventory accounting complete, thereby detracting seriously from the time available for client servicing and counseling."

You have further informed this office by your letter that communications have been had with the Regional Office of the Department of Health, Education and Welfare concerning Federal requirements for an inventory control and have been notified that:

". . .there is no requirement for maintaining such inventory, only the usual fiscal responsibility concerning such expenditures . . .we do not feel that an annual inventory of equipment purchased for clients with federal funds is necessary or desirable because of the cost of maintaining such an inventory." (Emphasis added.)

In closing, you have stated in your letter that:

"In the face of this mounting burden experienced . . . by the Vocational Rehabilitation Division in maintaining such inventory accountability, discussion meetings were held with representatives of the State Comptroller and State Auditors Office. They share the concern. They

-1162-

recognize that we are burdened with a problem
which entails expending far more, estimated on
an annual basis, in the inventory process than
the client items cost initially.  It was brought
out that from an accounting stand point, the
equipment is considered services and not capital
outlay."

The State of Texas accepted the provisions of the
Federal Vocational Rehabilitation Act, 29 U.S.C.A., Chap. 4,
part 401, with the enactment of Article 2675-1, Vernon's Civil
Statutes.

Section 3 of Article 6252-6, Vernon's Civil Statutes,
provides, in part, that:

"All real and personal property belonging
to the State shall be accounted for by the head
of the agency which has possession of the proper-
ty.

"(a)  The Comptroller of Public Accounts
shall administer the property accounting system
established by this Act.  The State Auditor shall
administer the property responsibility system
established by this Act.  The Comptroller shall
issue such rules and regulations and manual of
instruction and prescribe such records, reports,
and forms as he deems necessary to accomplish
the objects of this Act subject to the approval
of the State Auditor.  The State Auditor is
directed to cooperate with the Comptroller in
the exercise of the Comptroller's rule-making
powers herein granted by giving technical as-
sistance and advice."

Section 4(c) of Article 6252-6, directs that:

"All personal property owned by the State
shall be accounted for by the agency which pos-
sesses the property.  The Comptroller shall by

regulation define what is meant by personal property for the purposes of this Act. Unless the Comptroller prescribes otherwise, personal property shall mean all non-consumable personal property. In promulgating such regulations, the Comptroller shall take into account the value of the property, its expected useful life, and cost of record keeping should bear a reasonable relationship to the cost of the property upon which records are kept. The Comptroller shall consult with the State Auditor in making such regulations and the Auditor shall cooperate with the Comptroller in the exercise of this rule-making power by giving technical assistance and advice." (Emphasis added.)

The Crippled Children's Division of the State Department of Health purchases equipment for the use of the children with whom it works similar to that used by the Vocational Rehabilitation Division of the Texas Education Agency. Section 3 of Article 4419c, Vernon's Civil Statutes, enumerates certain powers of the Crippled Children's Division of the State Department of Health and is set forth in part as follows:

"At the discretion of the State Department of Health, transportation, appliances, braces and material necessary in the proper handling of crippled children may be in part or entirely provided. Such appliances, braces and material, being a part of the care and treatment program and necessary to the physical restoration of the individual crippled child as defined in this Act, shall not be considered to be state-owned personal property and shall be excluded from the personal property inventory required of state-owned property; and all such property including appliances, braces and materials, being a part of the care and treatment program, and which are now being accounted for under the provisions of the present system of accounting shall be deleted from and not required after the passage and effective date of this Act. The State Department of Health, however, shall maintain at all

> times a complete record of such appliances,
> braces and materials provided and such
> records shall be verified by the State
> Auditor." (Emphasis added.)

In view of the foregoing, we are of the opinion that the Comptroller of Public Accounts, upon consultation with and approval by the State Auditor, could promulgate certain rules and regulations, under the discretion conferred upon him pursuant to Section 4(c) of Article 6252-6, whereby certain equipment purchased for and provided to clients of the Vocational Rehabilitation Division, being of a consumable nature as properly determined and defined by the Comptroller, would not be deemed "personal property" for the purposes of Article 6252-6 and would thus not be required to undergo an annual inventory.

In this connection, however, the Comptroller of Public Accounts might require some form of record keeping such as that required of the Crippled Children's Division of the State Department of Health under Article 4419c.

## S U M M A R Y

The Comptroller of Public Accounts, upon consultation with and approval by the State Auditor, could promulgate certain rules and regulations, pursuant to Section 4(c) of Article 6252-6, Vernon's Civil Statutes, whereby certain equipment purchased for use by clients of the Vocational Rehabilitation Division of the Texas Education Agency would not be deemed "personal property" for the purposes of Article 6252-6 and would thus not be required to undergo an annual inventory.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Bailey
Assistant Attorney General

Dr. J. W. Edgar, page 6 (M-238)


APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Thomas Mack
Roger Tyler
Malcolm Quick
Dyer Moore, Jr.

A. J. CARUBBI, JR.
Executive Assistant